# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 5:16-00155-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DONDELL PEA (01) | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a motion for a status update filed by *pro se* Defendant Dondell Pea ("Pea"). *See* Record Document 69. For the reasons set forth below, Pea's motion for a status update is **GRANTED** only to the extent Pea asks this Court for an update on his motion for compassionate relief. The Court hereby informs Pea that it is waiting for a decision by the United States Supreme Court in *Rutherford v. United States*, Docket No. 24-820, prior to issuing a ruling on Pea's motion for compassionate release.

Pea seeks compassionate release based on a non-retroactive change in law. *See* Record Document 61. At his sentencing, Pea was subject to a mandatory minimum of 20 years because he had a prior conviction for a felony drug offense.[1] *See* 21 U.S.C. § 841(b)(1)(A)(viii) (eff. Aug. 3, 2010, to Dec. 20, 2018). The First Step Act of 2018 modified this penalty provision, making it applicable to offenders with a prior conviction of a serious drug felony. *See* FIRST STEP ACT OF 2018, PL 115-391, § 401(a)(2)(i), 132 Stat 5194, 5220. This change was not retroactive. *See id.* § 401(c), 132 Stat at 5221. Pea

---

[1] The identified conviction was Pea's state conviction for possession of cocaine, a Schedule II Controlled Dangerous Substance. *See* Record Documents 43 & 44-1.

argues his prior conviction does not qualify as a serious drug felony and thus he would no longer be subject to a 20-year mandatory minimum under current law. *See* Record Document 61. That is, Pea argues this non-retroactive change in law constitutes an extraordinary and compelling circumstance that entitles him to relief.

The United States Supreme Court recently granted a writ of certiorari to consider whether a district court may consider disparities created by the First Step Act's prospective changes in sentencing law when determining if extraordinary and compelling reasons warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *See Rutherford v. United States*, 145 S. Ct. 2776 (2025). This Court does not intend to opine on whether Pea would still be subject to the 20-year mandatory minimum under current law. Nevertheless, the Court believes a decision by the United States Supreme Court in *Rutherford* will provide substantial guidance in connection with the proper disposition of Pea's motion. Accordingly, the Court shall wait for a decision in *Rutherford* prior to ruling on Pea's pending motion.

**THUS DONE AND SIGNED** this 9th day of December, 2025.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE